■ In the Matter of CAPSTONE ENTERPRISES OF PORT CHESTER, INC., Petitioner, v JAMES J. McGOWAN, as Commissioner of Labor of the State of New York, Respondent. [735 NYS2d 145] —Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent James J. McGowan, Commissioner of Labor of the State of New York, dated August 15, 2000, as adopted that part of the recommendation of a Hearing Officer, made after a hearing, which found that the petitioner, Capstone Enterprises of Port Chester, Inc., failed to pay the prevailing wages and supplements to its employees pursuant to Labor Law § 220.

Adjudged that the petition is granted, on the law, with costs, so much of the determination as adopted that part of the recommendation of the Hearing Officer which found that the petitioner, Capstone Enterprises of Port Chester, Inc., failed to pay the prevailing wages and supplements to its employees pursuant to Labor Law § 220, is set aside, the sixth decretal paragraph withholding payment due to Capstone Enterprises of Port Chester, Inc., from the Yonkers Public Schools, is deleted, and the charges insofar as they are asserted against Capstone Enterprises of Port Chester, Inc., are dismissed.

The Hearing Officer concluded, based upon evidence adduced at a hearing, that Allan S. Jacobs is the President of Capstone Enterprises of Port Chester, Inc., a corporation, and Capstone Heating Company, an unincorporated business. The Hearing Officer further found that Jacobs submitted a proposal to the State University of New York (hereinafter SUNY) at Purchase, on behalf of Capstone Heating Co., to perform the work in question.

SUNY prepared a construction contract naming Capstone Enterprises of Port Chester, Inc., as the contractor. However, when Jacobs signed that contract, he crossed out the word "Enterprises" under his name, and wrote in "Heating Co." Expenses of the project were paid by checks in the name of Capstone Heating Co. The other evidence in the record, including several documents prepared by the Commissioner of Labor (hereinafter the Commissioner) identify the contractor as Capstone Heating Co. For example, a stipulation prepared by the Commissioner, between the Commissioner and a subcontractor on the project, listed the contractor as Capstone Heating Co.

The Hearing Officer found that there were two separate entities, one a corporation, and the other an unincorporated business. However, the Hearing Officer treated them as one entity for the purpose of determining liability, stating "Capstone Enterprises of Port Chester a/k/a Capstone Heating Co.

underpaid wages/or supplements." The Commissioner adopted the Hearing Officer's findings of fact, treated the two entities as one, and, in effect, found the two entities jointly liable. The Commissioner assessed interest and penalties, and directed the Yonkers Public Schools to forward moneys owed to Capstone Enterprises of Port Chester, Inc., to him.

Capstone Enterprises of Port Chester, Inc., commenced the instant proceeding, challenging the determination against it on the ground, *inter alia*, that "Capstone Heating [Co.] was the contractor for the work." We agree. In treating the two entities as one, the Commissioner ignored the fact that the petitioner is a corporation separate and distinct from the contractor Capstone Heating Co. Imposition of joint liability upon Capstone Heating Co. and Capstone Enterprises of Port Chester, Inc., was not authorized (*see generally, Matter of Hull-Hazard, Inc. v Roberts,* 72 NY2d 900). Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.